1  WILL M. YAMADA, ESQ. (SBN 226669)
   KATHLEEN N. MASTAGNI, ESQ. (SBN 244298)
2  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
3  *A Professional Corporation*
   1912 I Street
4  Sacramento, California 95814
   Telephone:   (916) 446-4692
5  Facsimile:    (916) 447-4614

6  Attorney for Petitioner,
   Sugar Workers Union Local No. 1
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 SUGAR WORKERS UNION LOCAL NO.  )  No.
   1,                              )
12                                 )  **PETITION TO COMPEL**
             Petitioner,           )  **ARBITRATION**
13                                 )
                                   )  [Code of Civil Procedure §§ 1281 et seq.;
14                                 )  29 United States Code § 152, et seq.]
   C & H SUGAR COMPANY,            )
15                                 )  Date:
             Respondent.           )  Time:
16                                 )  Dept:
                                   )  Judge:
17 _____

18

19
        TO THE HONORABLE UNITED STATES DISTRICT COURT, NORTHERN
20                       DISTRICT OF CALIFORNIA:

21 The Petition for an Order Compelling Arbitration respectfully shows:

22      1.     Sugar Workers Union Local No. 1 (hereinafter "Petitioner") is, and at all times

23 mentioned herein was, a labor organization as defined under 29 U.S.C.A. § 152(5) of the National

24 Labor Relations Act. Petitioner exists in part for the purpose of providing standards of wages, hours,

25 and working conditions, and negotiating and executing collective bargaining agreements on behalf

26 of employees in an appropriate collective bargaining unit.

27      2.     C & H Sugar Company (hereinafter "Respondent") is a corporation in an industry

28 affecting commerce within the meaning of § 301 of the Labor Management Relations Act and is

incorporated in, and doing business principally in the City of Crockett, County of Contra Costa, California and employs members of Petitioner.

3. This action is brought pursuant to 29 U.S.C. § 185 and accordingly, this Court has original Subject Matter Jurisdiction of this case pursuant to 28 U.S.C.A. § 1337.

4. At all times material herein, Petitioner and Respondent have been parties to a written collective bargaining agreement to which each of the parties is bound. The agreement includes a grievance procedure which ends in binding arbitration.

5. On or about September 8, 2006, Petitioner learned that Respondent had stopped paying employees the overtime rate of pay for work performed before the beginning of their regularly scheduled shift. This act violated past practice and the terms of the collective bargaining agreement.

6. On or about September 13, 2006, Petitioner through its President Jans Aagard grieved the unilateral change through a written grievance. The grievance claimed the unilateral change violated past practice and the collective bargaining agreement.

7. The written grievance requested Respondent rescind, in writing, the unilateral change of the work day hours and overtime work and to immediately reinstate the past practice of paying employees the overtime rate of pay for work done outside of regularly scheduled shifts.

8. On or about September 25, 2006, Respondent replied to the grievance. Respondent denied the requested remedy and suggested the parties meet as a grievance committee to attempt to resolve the grievance.

9. On or about September 25, 2006, Petitioner and Respondent met pursuant to Section XX(C) of the collective bargaining agreement to discuss the subject grievance.

10. On or about September 29, 2006, the Respondent through their agent Stradleigh sent a letter to Petitioner memorializing what transpired at the grievance committee and requested mediation of this grievance in accordance with Section XX(C)(5), in lieu of proceeding to arbitration.

11. On or about October 24, 2006, Petitioner sent a written letter to Respondent regarding mediation and Respondent's reluctance to contact the mediator to schedule a date.

///

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
912 I STREET
SACRAMENTO, CALIFORNIA 95814

-2-

12. On or about November 22, 2006, Petitioner and Respondent attended a mediation with mediator Bob Losik. The parties were unable to reach a resolution. The mediator suggested and the parties agreed to exchange bargaining notes within thirty days of the mediation in the hopes of resolving the grievance informally. Respondent never provided petitioner with these bargaining notes.

13. On or about December 28, 2006, the Petitioner sent a letter to Respondent requesting the grievance matter be moved to arbitration. Petitioner demanded the parties proceed to arbitration to resolve this issue as the parties were unable to resolve the grievance at the prior steps and mediation. Respondent did not respond to this letter.

14. On or about March 16, 2007, Petitioner sent a letter to Respondent requesting Respondent respond to the letter requesting arbitration sent on December 28, 2006.

15. On or about March 21, 2007, Respondent replied to Petitioner's letters. Respondent refused to go to arbitration over the unilateral change. Respondent alleged Petitioner was untimely and that the grievance had been abandoned.

16. From September 8, 2006 though the present a dispute has existed over the interpretation and/or application of the collective bargaining agreement and there has been and continues to be a grievance pending for the unilateral change to the payment of overtime for work done outside of employees' regularly scheduled shifts.

17. Section XX of the collective bargaining agreement provides for a grievance procedure wherein the parties are bound to submit all disputes to an arbitrator empowered to make final and binding decisions.

18. Since September 13, 2006 and continuing to the present, Petitioner has been willing and has sought to refer the disputes through the grievance procedure ultimately ending arbitration in accordance with the grievance and arbitration procedures provided for in the collective bargaining agreement. Respondent has refused and continues to refuse to submit the outstanding disputes to arbitration as required by the collective bargaining agreement.

**WHEREFORE**, Petitioner prays that an Order of this Court be made pursuant to the provisions of Code of Civil Procedure Section 1281, et seq.; 29 United States Code 152, et seq.,

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-3-

1  ordering Respondent to submit the outstanding disputes to the arbitration procedures set forth in the
2  provisions of the collective bargaining agreement.  Furthermore, Petitioner requests reasonable
3  attorneys fees; costs; and such other and further relief as the Court deems just and proper.

Dated: June 20, 2007              MASTAGNI, HOLSTEDT, AMICK,
                                  MILLER, JOHNSEN & UHRHAMMER


                                  By: _____
                                      WILL M. YAMADA
                                      Attorney for Petitioner

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-4-