1  SEYFARTH SHAW LLP
   G. Daniel Newland (SBN 087965) dnewland@seyfarth.com
2  Jennifer P. Svanfeldt (SBN 233248) jsvanfeldt@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Petitioner
   C&H SUGAR COMPANY, INC.

6

7

8              UNITED STATES DISTRICT COURT

9         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  SUGAR WORKERS UNION LOCAL NO. 1,   )   Case No. C 07-3280 JSW
                                        )
11             Petitioner,             )   **DEFENDANT C&H SUGAR
                                        )   COMPANY, INC.'S ANSWER TO
12      v.                             )   PETITION TO COMPEL
                                        )   ARBITRATION**
13  C&H SUGAR COMPANY, INC.,           )
                                        )
14             Respondent.             )
                                        )
15  ─────────────────────────────────  )

16      Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") hereby responds to

17  Plaintiff Sugar Workers Union, Local No. 1's ("Union" or "Plaintiff") Petition to Compel

18  Arbitration ("Petition").  Any allegation of the Petition not specifically admitted herein is denied.

19              **PARTIES AND JURISDICTION**

20      1.      Defendant admits that Plaintiff is a labor organization as defined under 29

21  U.S.C.A. § 152(5) of the National Labor Relations Act.  Defendant has insufficient information

22  to admit or deny the Union's alleged existence for the purpose of providing standards of wages,

23  hours, and working conditions, but admits that it exists in part to negotiate and execute collective

24  bargaining agreements on behalf of employees in an appropriate collective bargaining suit.

25  Except as specifically admitted and denied herein, Defendant denies each and every remaining

26  allegation set forth in Paragraph 1 of the Petition.

27      2.      Defendant admits that it is a corporation in an industry affecting commerce within

28  the meaning of § 301 of the Labor Management Relations Act.  Defendant denies that it is

                                    1
Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07—3280 JSW

1   incorporated in the City of Crockett, County of Contra Costa, California. Defendant avers that it

2   is a Delaware Corporation, with its principal production facility in Crockett, California.

3   Defendant further avers that no such "City of Crockett" exists. Defendant admits that it employs

4   members of the Union. Except as specifically admitted, denied, and/or averred to herein,

5   Defendant denies each and every remaining allegation set forth in Paragraph 2 of the Petition.

6          3.    Defendant admits the allegations in Paragraph 3 of the Petition.

7          4.    Defendant admits that it was a party to a written Collective Bargaining Agreement

8   ("CBA") between the Union and Defendant. Defendant also admits that said CBA includes a

9   multi-step Grievance Procedure. Defendant avers that said CBA expired on May 31, 2006.

10  Accordingly, the Union has failed to allege the existence of a currently applicable contract.

11  Defendant further avers that the parties negotiated concerning a subsequent CBA, scheduled to

12  expire on June 30, 2009, but avers that Plaintiff has declined to execute this CBA. Except as

13  specifically admitted, denied and/or averred to herein, Defendant denies each and every

14  remaining allegation set forth in Paragraph 4 of the Petition.

15         5.    Defendant denies that the Union learned that Defendant had stopped paying

16  employees the overtime rate of pay for work performed before the beginning of their regularly

17  scheduled shift. Defendant avers that the Union was informed, during contract negotiations

18  during the Summer of 2006, that Defendant would strictly adhere to the terms of the CBA,

19  including, *inter alia*, by not paying employees overtime compensation for hours worked before

20  their shift on days that they did not work over eight (8) hours. Defendant denies that its conduct

21  violated the terms of the collective bargaining agreement. Except as specifically denied and/or

22  averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 5

23  of the Petition.

24         6.    Defendant denies that it received a written grievance on September 13, 2006 from

25  former Union President Jans Aagaard ("Aagaard"). Defendants avers, however, that it received

26  a grievance on September 13, 2006 from Union Business Agent Surinder Bhanot ("Bhanot").

27  Defendant admits that the grievance filed by Bhanot claimed that the purported unilateral change

28  violated past practice and the collective bargaining agreement. Except as specifically admitted,

2

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3280 JSW

1  denied and/or averred to herein, Defendant denies each and every remaining allegation set forth

2  in Paragraph 6 of the Petition.

3        7.    Defendant admits the allegations in Paragraph 7 of the Petition.

4        8.    Defendant admits the allegations in Paragraph 8 of the Petition.

5        9.    Defendant denies that the Union and Defendant met pursuant to Section XX(C) of

6  the CBA on September 25, 2006.  Defendant avers, however, that the Union and Defendant met

7  pursuant to Section XX(C) of the CBA on September 29, 2006.

8        10.   Defendant admits that allegations in Paragraph 10 of the Petition.

9        11.   Defendant denies the allegations in Paragraph 11 of the Petition.  Defendant avers

10  that it was improperly contacted through a letter dated October 31, 2006 from the Union's

11  attorney Will M. Yamada regarding mediation.  Defendant denies that it was reluctant to contact

12  the mediator to schedule a mediation date.  Except as specifically denied and/or averred to

13  herein, Defendant denies each and every remaining allegation set forth in Paragraph 11 of the

14  Petition.

15        12.   Defendant denies that it attended a mediation on November 22, 2006.  Defendant

16  avers, however, that it attended a mediation on November 21, 2006 with mediator Bob Losik,

17  and admits that the parties were unable to reach a resolution at this mediation.  Defendant avers

18  that the Union has violated the mediation privilege by asserting allegations regarding the parties

19  agreement to exchange bargaining notes within thirty (30) days of the mediation in the hopes of

20  resolving the grievance informally, and on that basis denies them.  Defendant avers that it

21  asserted concerns regarding the attorney-client privilege at the mediation regarding the exchange

22  of privileged bargaining notes, and therefore, did not exchange them with the Union.  Defendant

23  admits that it never provided bargaining notes to the Union, but avers that the Union also never

24  provided Defendant with bargaining notes.  Except as specifically admitted, denied and/or

25  averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph

26  12 of the Petition.

27        13.   Defendant denies that it received a December 28, 2006 request for arbitration, or

28  any other request for arbitration before March 16, 2007.  Defendant avers that, nevertheless, a

3

1  December 28, 2006 request for arbitration would have been untimely pursuant to Section XX(D)

2  of the CBA in that it was not submitted "within fifteen (15) days after the conclusion of the

3  [mediation]." Except as specifically denied and/or averred to herein, Defendant denies each and

4  every remaining allegation set forth in Paragraph 13 of the Petition.

5          14.    Defendant admits the allegations in Paragraph 14 of the Complaint. Defendant

6  avers that it never received any letter dated on or about December 28, 2006 from the Union

7  regarding the subject grievance and request for arbitration. Except as specifically admitted

8  and/or averred to herein, Defendant denies each and every remaining allegation set forth in

9  Paragraph 14 of the Petition.

10         15.    Defendant admits that it replied solely to the Union's March 16, 2007 letter on

11  March 21, 2007 and admits that it refused to go to arbitration, stating that the Union's request for

12  arbitration was untimely and that the subject grievance had been abandoned. Except as

13  specifically admitted and/or averred to herein, Defendant denies each and every remaining

14  allegation set forth in Paragraph 15 of the Petition.

15         16.    Defendant admits that a dispute exists over the interpretation and/or application of

16  the CBA. Defendant denies the existence of a pending grievance and further avers that the

17  grievance was untimely as exceeding the fifteen (15) days following the November 21, 2006

18  mediation date, and was clearly untimely by March 16, 2007. Except as specifically admitted,

19  averred and/or denied to herein, Defendant denies each and every remaining allegation set forth

20  in Paragraph 16 of the Petition.

21         17.    Defendant admits that Section XX of the CBA includes a grievance procedure.

22  Defendant denies that the parties are bound to submit all disputes (*i.e.*, untimely, procedurally

23  defective and/or abandoned grievances) to an arbitrator empowered to make final and binding

24  decisions. Except as specifically admitted and/or denied to herein, Defendant denies each and

25  every remaining allegation set forth in Paragraph 17 of the Petition.

26         18.    Defendant denies the allegations in Paragraph 18 of the Petition. Defendant avers

27  that it has remained willing, ready and able to arbitrate matters that are procedurally compliant

28

4

Defendant C&H Sugar Company, Inc.'s Answer to Petition to Compel Arbitration/
Case No. C 07-3280 JSW

and timely submitted.  Except as specifically denied and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 18 of the Petition.

## RESPONSE TO PLAINTIFF'S PRAYERS FOR RELIEF

Defendant denies that Plaintiff should be awarded the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim upon which relief sought herein can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its conduct, is estopped from compelling arbitration of untimely, fraudulent, and/or procedurally defective grievances.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff makes allegations or claims that were not made the subject of a procedurally compliant and/or timely grievance filed by Plaintiff as required by the CBA, any arbitrator would lack jurisdiction with respect to any such allegations or claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff waived its rights to recover, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Petition.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent there was any fraud regarding the alleged submission of the purported grievance.

## PRAYER FOR RELIEF

**NOW THEREFORE,** Defendant hereby respectfully requests the following relief:

1.      That this Court deny Plaintiff's claims and dismiss its Petition with prejudice;

5

1      2.    That Defendant be awarded its reasonable attorneys fees and costs incurred by

2   Plaintiff's frivolous and fraudulent pursuit of this Petition, despite Defendant's request for

3   dismissal; and

4      3.    That Defendant be awarded such other and further relief as the Court deems just

5   and proper.

6   DATED: July 18, 2007                          SEYFARTH SHAW LLP

7

8

9                                          By *Jennifer Svanfeldt*

10                                             G. Daniel Newland
                                             Jennifer P. Svanfeldt
                                          Attorneys for Defendant
11                                        C&H SUGAR COMPANY, INC.

12   SF1 28288844.1 / 32900-000018

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6